IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiffs, | 8:21CR247 |
| vs. | |
| | FINDINGS AND RECOMMENDATION |
| MAEGAN L. BALFOUR, | |
| Defendant. | |

This matter is before the Court on Defendant Maegan Balfour's Motion for Issue Preclusion. ([Filing No. 40](Filing No. 40).)  A hearing regarding this motion was held on December 30, 2022.  A transcript has been filed and the motion is ripe for disposition.  For the reasons set out below, the undersigned will recommend that the motion be denied.

## BACKGROUND

Defendant and her husband, Nolan Balfour (collectively, the "Balfours"), filed for bankruptcy under Chapter 12 of the Bankruptcy Code on July 12, 2018.  That matter is found at Case Number 18-81002 in the United States Bankruptcy Court for the District of Nebraska. First Nebraska Bank ("FNB"), a creditor, filed an objection to the Balfours' request to convert the bankruptcy to a Chapter 7 proceeding.

On December 10, 2018, FNB filed a complaint and objection to bankruptcy discharge seeking relief under 11 U.S.C. § 727(a)(4)(A).  FNB alleged, in part, that the Balfours knowingly and fraudulently made a false oath in connection with the bankruptcy case by falsely representing the number of livestock on their bankruptcy schedules.  FNB's complaint converted the matter to

an adversary proceeding, which is found at Case Number 18-08337 in the United States Bankruptcy Court for the District of Nebraska.

Trial in the adversary proceeding was held on September 24 and 25, 2019. The Honorable Shon Hastings presided over the trial and issued a decision on January 24, 2020. (Exs. 101, 102.) Judge Hastings concluded that FNB did not prove that the Balfours knowingly and fraudulently made a false oath in connection with a case under 11 U.S.C. § 727(a)(4) and dismissed the claim.

On September 24, 2021, the Balfours were indicted under 18 U.S.C. § 152(3). Count III of the indictment alleges:

> On or about the 16th day of August, 2018, in the District of Nebraska, [the Balfours] did knowingly and fraudulently make a material false declaration, certificate, and verification under the penalty of perjury, as permitted under Section 1746 of Title 28, in the Chapter 12 bankruptcy case at Case Number 18-81002, by submitting Schedules of Assets and Liabilities and a Statement of Financial Affairs, in which [the Balfours] fraudulently omitted to disclose all livestock and equipment they possessed.

(Filing No. 1.)

## DISCUSSION

Defendant seeks a ruling that the government is precluded from litigating the issue of whether Defendant knowingly and fraudulently made a false oath, or account, declaration, certificate, or verification under oath regarding livestock as alleged in Count III of the indictment. Defendant contends the same facts and legal issues alleged in Count III of the indictment were litigated in the adversary bankruptcy proceeding between the Balfours and FNB.[1]

Issue preclusion, or collateral estoppel, provides that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." Ashe v. Swenson, 397 U.S. 436, 443 (1970). Issue preclusion has five elements: "(1) the party sought to be precluded in the second suit must have been a party, or in privity with a party, to the original lawsuit; (2) the issue sought to be precluded must be the same as the issue involved in the prior action; (3) the issue sought to be precluded

---

[1] Defendant does not claim issue preclusion applies to the allegation in Count III of the indictment that the Balfours fraudulently failed to disclose all *equipment* they possessed. Defendant's motion only pertains to the allegation regarding the livestock.

must have been actually litigated in the prior action; (4) the issue sought to be precluded must have been determined by a valid and final judgment; and (5) the determination in the prior action must have been essential to the prior judgment." *Robinette v. Jones*, 476 F.3d 585 (8th Cir. 2007) (quotation omitted).

To succeed on a claim under 11 U.S.C.S. § 727(a)(4)(A), a plaintiff must show that: "(1) the [d]ebtor made a statement under oath; (2) the statement was false; (3) the [d]ebtor knew the statement was false; (4) the [d]ebtor made the statement with fraudulent intent; and (5) the statement related materially to the [d]ebtor's bankruptcy case." *In re Dykes*, No. 16-42199-KHS, 2018 WL 5819371, at *8 (Bankr. D. Minn. Feb. 26, 2018). Meanwhile, as set out in the Eighth Circuit Model Jury Instructions, bankruptcy fraud under 18 U.S.C. § 152(3) requires that the government prove:

> *One*, on or about (specify time) a bankruptcy case was pending in the United States Bankruptcy Court . . . in which _____ was the Debtor; *Two*, the defendant [made] [caused to be made] a false [statement] [oath] [account] [regarding a matter material to] [in relation to] the bankruptcy proceeding; *Three*, the defendant knew the [statement] [oath] [account] was false when it was made; *Four*, the defendant did so with the intent to defraud.

Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit, § 6.18.152B (emphasis in original).

Defendant argues the issue of whether any mis-disclosure of livestock by Defendant was knowingly and fraudulently made was determined by Judge Hastings and, therefore, the question of whether Defendant knowingly and fraudulently made a false oath, or account, declaration, certificate, or verification under oath regarding livestock as alleged in Count III of the indictment is precluded. Having considered the matter, the undersigned finds that Defendant's argument fails because the government was not a party to the bankruptcy proceeding, nor was it in privity with FNB.

The government and FNB were not in privity because they had different interests and objectives given the nature of the respective proceedings in which they were involved. "The purpose of a bankruptcy action is to help those in bad financial positions move forward, not, as with a criminal prosecution, to resolve harms against society deserving of punishment." *United*

3

*States v. Wanland*, 830 F.3d 947, 956-57 (9th Cir. 2016). Courts have recognized that when parties have distinct agendas and roles in different types of proceedings, privity does not exist. *See Wanland*, 830 F.3d at 956-57 (recognizing the different purposes of bankruptcy and criminal actions and concluding that "the IRS in a bankruptcy action and the United States government in a criminal action are not in privity"); *United States v. Hickey*, 367 F.3d 888, 893 (9th Cir. 2004) (explaining that the SEC and the United States "[were] not the same party" for purposes of collateral estoppel in criminal proceedings brought by the United States because the SEC, in its civil enforcement capacity, "was not acting as the federal sovereign vindicating the criminal law of the United States"); *United States v. Modanlo*, 954 F. Supp.2d 384 (D. Md. 2013) (finding that the government was not collaterally estopped from criminally prosecuting the defendant, a former Chapter 11 debtor, because the U.S. Attorney was neither the same party nor in privity with the U.S. Trustee when they operated "pursuant to completely different statutory purposes, powers, and interests"). FNB and the government were pursuing different things in distinct types of proceedings. Thus, they were not in privity for purposes of issue preclusion.

Moreover, the bankruptcy proceedings and criminal action were not meant to achieve the same goals and do not address identical issues. "A bankruptcy proceeding and a criminal prosecution are fundamentally different proceedings, both in purpose and procedure, and the causes of action resolved by each are totally different." *United States v. Tatum,* 943 F.2d 370, 381 (4th Cir. 1991). For purposes of the collateral estoppel analysis, "the issue of whether a [bankruptcy] discharge should be granted is not identical to the issue of whether a defendant is criminally liable." *United States v. Yurek*, Crim. Case. No. 15-cr-394, 2017 WL 2629132, at *6 (D. Colo. June 19, 2017) (quotation omitted). *See also United States v. Kunzman,* 125 F.3d 1363 (10th Cir. 1997) (concluding that the defendant's issue preclusion claim failed because the question of whether a discharge should be granted is not identical to the question of criminal liability). "Where the object of the prior civil action and subsequent criminal action is not punishment, res judicata is inapplicable." *Dranow v. United States,* 307 F.2d 545, 556 (8th Cir. 1962) (finding that "a discharge in bankruptcy cannot be res judicata in a subsequent prosecution of an officer of a bankrupt corporation for transfer of assets to himself of property of the corporation in contemplation of bankruptcy of the corporation").

For the reasons stated above, the issue of whether Defendant knowingly and fraudulently made a false oath, or account, declaration, certificate, or verification under oath regarding livestock is not precluded.[2]

Accordingly,

**IT IS HEREBY RECOMMENDED** to United States District Court Judge Brian C. Buescher that Defendant Maegan Balfour's Motion for Issue Preclusion ([Filing No. 40](#)) be denied.

Dated this 21st day of February, 2023.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

**ADMONITION**

Pursuant to NECrimR 59.2, any objection to this Findings and Recommendation shall be filed within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

---

[2] Given this finding, the undersigned will not address the remaining elements of issue preclusion.